UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

Case No. 1:14-cv-23258-MGC

| | |
|---|---|
| PIERRE ANES DARVILMAR and GENSILIA JOSEPH, individually and on behalf of all other persons similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> IMPACT STAFF LEASING, INC., <br><br> Defendant. | COMPLAINT - CLASS ACTION |

**AMENDED COMPLAINT FOR DAMAGES,
DECLARATORY RELIEF, INJUNCTIVE RELIEF,
COSTS OF LITIGATION AND ATTORNEY'S FEE**

**PRELIMINARY STATEMENT**

1. This is an action by two seasonal farmworkers to secure and vindicate rights afforded to them by the Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C. §§1801, *et seq*. ("AWPA"), the minimum wage provisions of the Fair Labor Standards Act, 29 U.S.C. §§201, *et seq*. ("FLSA"), and the minimum wage provisions of the Florida Constitution.

2. The Plaintiffs also seek relief on behalf of their co-workers for the Defendant's violations of the recordkeeping, wage statement and wage payment provisions of the AWPA.

-2-

3.  The Plaintiffs complain of the unlawful employment practices of Defendant Impact Staff Leasing, Inc. during the 2012-13 bean harvest in south Miami-Dade County, Florida, extending from approximately October, 2012 through May, 2013.  Throughout this period, Defendant Impact Staff Leasing, Inc. violated the AWPA's provisions relating to recordkeeping, wage statements and payment of wages when due.  The Plaintiffs were paid less than the federally-mandated minimum wage levels established by the FLSA and the Florida Constitution for their work picking beans.

4.  The Plaintiffs seek an award of money damages, declaratory relief, and injunctive relief to make them whole for damages each of them suffered due to the Defendant's violations of law, and to ensure that they and other farmworkers will not be subjected by the Defendant to similar illegal conduct in the future.

## JURISDICTION

5.  Jurisdiction is conferred upon this Court by 29 U.S.C. §1854(a), this action arising under the AWPA; by 29 U.S.C. §216(b), this action arising under the FLSA; by 28 U.S.C. §1331, this action arising under the laws of the United States; and by 28 U.S.C. §1337, this action arising under Acts of Congress regulating commerce.  This Court has supplemental jurisdiction over the claims arising under state law pursuant to 28 U.S.C. §1367(a), because these claims are so related to the federal claims that they form part of the same case or controversy.

6.  This Court is empowered to grant declaratory relief pursuant to 28 U.S.C. §§2201 and 2202.

## VENUE

7. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) and 29 U.S.C. §1854(a). The cause of action arose in this district and the Defendant is headquartered in this district.

## PARTIES

8. The Plaintiffs are residents of Miami-Dade County, Florida. At all times relevant to this action, each of the Plaintiffs was a seasonal agricultural worker within the meaning of the AWPA, 29 U.S.C. §1802(10)(A), and its attendant regulations, 29 C.F.R. §500.20(r), in that he or she was employed in agricultural employment of a seasonal nature performing field work harvesting beans in south Miami-Dade County. At all times relevant to this action, the Plaintiffs were employed in the production of goods for sale in interstate commerce.

9. Defendant Impact Staff Leasing, Inc. is a closely-held Florida corporation based in Jupiter, Florida. At all times relevant to this action, Impact Staff Leasing, Inc. was registered and acted as a farm labor contractor within the meaning of the AWPA, 29 U.S.C. §1802(7), in that, in exchange for valuable consideration, it employed the Plaintiffs and other seasonal agricultural workers for agricultural employment harvesting beans in south Miami-Dade County.

## CLASS ACTION ALLEGATIONS

10. All claims set forth in Counts I and III are brought by the Plaintiffs on behalf of themselves and all other similarly situated persons pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

11. The Plaintiffs seek to represent a class consisting of:

> All migrant and seasonal agricultural workers, as defined by the AWPA, employed hand-harvesting beans during the 2012-13 Miami-Dade County bean harvest employed by Impact Staff Leasing, Inc. as members of a crew harvesting beans on the operations of Impact Staff Leasing client number 1183, believed to be JNJ Growers, Inc.

12. The precise number of individuals in the class is known only to the Defendant. The class is believed to include over 200 individuals. The class is comprised of indigent migrant and seasonal farmworkers. The class members are not fluent in the English language, and instead speak Haitian Creole. The relatively small size of the individual claims and the indigency of the class members makes the maintenance of separate actions by each class member economically infeasible. Joinder of members of the classes is impracticable.

13. There are questions of fact common to the class. With respect to Count I, these common questions include whether Impact Staff Leasing, Inc. failed to pay the Plaintiffs and other class members wages promptly when due, as required by law and whether the Defendant kept payroll records and issued wage statements to the Plaintiffs and the other members of the class as required by the AWPA. With respect to Count III, the common factual questions include whether the Defendant paid minimum wages as required by the Florida Constitution and the Florida Minimum Wage Act.

14. There are questions of law common to the class. With respect to the claims set out in Count I, these common legal questions include whether Impact Staff Leasing, Inc. operated as a farm labor contractor within the meaning of the AWPA with respect to the employment of the Plaintiffs and the other members of the class during the 2012-13 bean harvest, whether the payroll records made and kept by the Defendant and the wage statements provided by the Defendant conformed to the requirements of the AWPA, and whether the violations of the

AWPA's recordkeeping, wage statement and wage payments were intentional within the meaning of that statute.  With respect to the claims set out in Count III, the common legal questions include whether the Defendant employed the Plaintiffs and the other members of the putative class within the meaning of the minimum wage provisions of the Florida Constitution.

15.  The claims of the named class representatives are typical of those of the other class members, and these typical, common claims predominate over any questions affecting only individual class members.  The Plaintiffs have the same interests as do other members of the class and will vigorously prosecute these interests on behalf of the class.

16.  The Plaintiffs' counsel is experienced in litigation under the AWPA and has handled numerous class actions in the federal courts, including class actions under the AWPA and the minimum wage provisions of the Florida Constitution.  The Plaintiffs' counsel has served as principal counsel in several class actions before this Court brought by bean pickers and presenting claims similar to those contained in the Plaintiffs' complaint.  The Plaintiffs' counsel is prepared to advance litigation costs necessary to vigorously litigate this action and to provide notice to the class members under Rule 23(b)(3).

.       17.  A class action under Rule 23(b)(3) is superior to other available methods of adjudicating this controversy, *inter alia*:

a. The common issues of law and fact, as well as the relatively small size of the individual class members' claims, substantially diminish the interest of members of the class in individually controlling the prosecution of separate actions;

b. Many members of the class are unaware of their rights to prosecute these claims and lack the means and resources to secure legal assistance;

c. There has been no litigation already commenced by the members of the class to

determine the questions presented with respect to the Defendant;

      d.  It is desirable that the claims be heard in this forum since the Defendant is headquartered and based in this district and the cause of action arose in this district; and

      e.  A class action can be managed without undue difficulty because the Defendant regularly committed the violations complained of herein, and was required to maintain detailed records concerning each member of the class.

## COUNT I

## (MIGRANT AND SEASONAL AGRICULTURAL WORKER PROTECTION ACT)

## (CLASS CLAIMS)

18.  This count sets forth a claim by Plaintiffs Pierre Anes Darvilmar and Gensilia Joseph, on behalf of themselves and the other members of the class, for damages, declaratory relief and injunctive relief with respect to the Defendant's violations of the AWPA and its attendant regulations during the 2012-13 bean harvest in Miami-Dade County, Florida.

19.  Prior to the outset of the 2012-13 bean harvest, Defendant Impact Staff Leasing, Inc. entered into agreements with various farm operators and farm labor contractors to serve as the employer, recordkeeper and paymaster for bean pickers employed in the south Miami-Dade County area.

20.  The Plaintiffs and the other class members worked with a bean-harvesting crew employed on a farm operated by an agricultural employer designated by Impact Staff Leasing, Inc. as "Client 1183."  Under the terms of its agreement with Client 1183, Defendant Impact Staff Leasing, Inc. identified itself as the employer of the members of Client 1183's bean-harvesting crew and assumed responsibility for maintaining payroll records on the crew, paying the crewmembers their wages and providing them wage statements regarding their earnings, maintaining worker's compensation insurance on the crewmembers, and paying all employment taxes due on the earnings of the crewmembers as members of Client 1183's crew.  It is believed that Client 1183 is farm operator JNJ Growers, Inc.

21.  At various points during the 2012-13 bean harvest, the Plaintiffs and the other members of the class worked hand-harvesting beans in south Miami-Dade County on the operations of Client 1183.  Impact Staff Leasing, Inc. paid the Plaintiffs and the other members

of the class their wages for their work on Client 1183's operations during the 2012-13 south Miami-Dade County bean harvest. Impact Staff Leasing, Inc. also issued wage statements to the Plaintiffs and the other class members with their weekly wages.

22. Defendant Impact Staff Leasing, Inc. failed to make, keep and preserve records as required by the AWPA, 29 U.S.C. §§1821(d)(1) and 1831(c)(1), and its attendant regulations, 29 C.F.R. §500.80(a), regarding the work of Plaintiffs Pierre Anes Darvilmar, Gensilia Joseph and the other members of the class with respect to their labor hand-harvesting beans on the operations of Client 1183 during the 2012-13 bean harvest season. Among other things, the records regarding the labor of Plaintiffs Pierre Anes Darvilmar, Gensilia Joseph and the other members of the class failed to accurately report the number of compensable hours worked by these individuals.

23. In violation of the AWPA, 29 U.S.C. §§1821(d)(2) and 1831(c)(2), and its attendant regulations, 29 C.F.R. §500.80(d), Defendant Impact Staff Leasing, Inc. failed to provide to Plaintiffs Pierre Anes Darvilmar, Gensilia Joseph and the other members of the class on each payday a written statement showing the actual hours worked and the employer's address and Internal Revenue Service identification number.

24. In violation of the AWPA, 29 U.S.C. §§1822(a) and 1832(a), and its implementing regulations, 29 C.F.R. § 500.81, Defendant Impact Staff Leasing, Inc. failed to pay Plaintiffs Pierre Anes Darvilmar, Gensilia Joseph and the other members of the class their wages when due for work performed during the 2012-13 harvest on the operations of Client 1183. Among other things, the Defendant failed to pay Plaintiffs Pierre Anes Darvilmar, Gensilia Joseph and the other members of the class the sums due to them under the minimum wage provisions of the Fair Labor Standards Act and the minimum wage provisions of the Florida Constitution, as

implemented through the Florida Minimum Wage Act.  The bean pickers were paid only their piece-rate earnings, which often failed to equal or exceed the applicable state or federal minimum wage for the number of compensable hours they worked in each workweek.

25.   The violations of the AWPA and its attendant regulations as set forth in this count were the natural consequences of the conscious and deliberate actions of Defendant Impact Staff Leasing, Inc.  These violations occurred as a result of the regular business practices of Defendant Impact Staff Leasing, Inc.  As a result, the violations of the AWPA and its attendant regulations as set out in this count were intentional within the meaning of the AWPA, 29 U.S.C. §1854(c)(1).

26.   As a result of the Defendant's violations of the AWPA and its attendant regulations as set forth in this count, Plaintiffs Pierre Anes Darvilmar, Gensilia Joseph and the other members of the class have suffered damages.

## COUNT II

**(FAIR LABOR STANDARDS ACT)**

27. This count sets forth a claim for declaratory relief and damages by Plaintiffs Pierre Anes Darvilmar and Gensilia Joseph for the Defendant's violations of the minimum wage provisions of the Fair Labor Standards Act during the 2012-13 south Miami-Dade County bean harvest.

28. In violation of Section 6(a) of the Fair Labor Standards Act, 29 U.S.C. §206(a), the Defendant failed to pay Plaintiffs Pierre Anes Darvilmar and Gensilia Joseph at least $7.25 for every compensable hour of labor each of them performed during 2012-13 bean harvest on the operations of Client 1183.

29. The violations of the Fair Labor Standards Act's minimum wage provisions as set out in Paragraph 28 resulted in part from the Defendant's failure to supplement the piece-rate wages of Plaintiffs Pierre Anes Darvilmar and Gensilia Joseph so as to raise their workweek wages to a rate equal to or exceeding the FLSA minimum wage.  Throughout the period they were employed on Client 1183's operations during the 2012-13 bean harvest,  Plaintiffs Pierre Anes Darvilmar and Gensilia Joseph were paid only their piece-rate earnings, which fell substantially short of the minimum wages due them under the FLSA.

30. The violations of the Fair Labor Standards Act's minimum wage provisions as set out in Paragraph 28 resulted in part from the Defendant's failure to credit Plaintiffs Pierre Anes Darvilmar and Gensilia Joseph with all hours worked.   No accurate record was made of the compensable hours worked by Plaintiffs Pierre Anes Darvilmar and Gensilia Joseph. Instead, the hours worked as recorded for the Plaintiffs were fabricated to reflect compliance with federal and state minimum wage laws.

31. As a result of the Defendant's violations of the Fair Labor Standards Act described in

this count, Plaintiffs Pierre Anes Darvilmar and Gensilia Joseph are each entitled to recover the amount of unpaid minimum wages due him or her and an additional amount as liquidated damages, in accordance with Section 16(b) of the Act, 29 U.S.C. §216(b).

## COUNT III

## (MINIMUM WAGE PROVISIONS OF FLORIDA CONSTITUTION)

## (CLASS CLAIMS)

32.  This count sets forth a claim for damages by Plaintiffs Pierre Anes Darvilmar and Gensilia Joseph, on behalf of themselves and the other members of the class, for damages for the Defendant's violations of the minimum wage provisions of the Florida Constitution, as implemented through the Florida Minimum Wage Act.

33.  Throughout the period Plaintiffs Pierre Anes Darvilmar and Gensilia Joseph and the other members of the class were employed on the operations of Client 1183 during the 2012-13 south Miami-Dade County bean harvest, the Defendant failed to pay the Plaintiffs and the other class members in compliance with the minimum wage provisions of the Florida Constitution, Article X §24.  Among other things, the Defendants failed to supplement the piece-rate earnings of the Plaintiffs and the other members of the class so as to boost them to Florida minimum wage.

34.  Plaintiffs Pierre Anes Darvilmar and Gensilia Joseph have performed all conditions precedent required to present their claims under the Florida Minimum Wage Act.  By a letter to the Defendant on August 11, 2014, the Plaintiffs demanded payment of the unpaid wages due them, but the Defendant has failed to pay the wages demanded.

35.  As a result of the Defendant's violations of the minimum wage provisions of the Florida Constitution as described in this count, Plaintiffs Pierre Anes Darvilmar and Gensilia Joseph and each of the other members of the class are entitled to recover the amount of his or her unpaid minimum wages, and an equal amount as liquidated damages, pursuant to Art. X §24 (e) of the Florida Constitution.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs pray that this Court will enter an order:

    a.    Certifying this case as a class action in accordance with Rule 23(b)(3) of the Federal Rules of Civil Procedure with respect to the claims for violations of the AWPA's recordkeeping, wage statement and wage payment provisions set forth in Count I;

    b.    Certifying this case as a class action in accordance with Rule 23(b)(3) of the federal Rules of Civil Procedure with respect to the claims for violations of the minimum wage provisions of the Florida Constitution, as set out in Count III;

    c.    Declaring that the Defendant Impact Staff Leasing, Inc. has intentionally violated the Migrant and Seasonal Agricultural Worker Protection Act and its attendant regulations as set forth in Count I;

    d.    Declaring that the Defendant Impact Staff Leasing, Inc. has violated the minimum wage provisions of the Fair Labor Standards Act as set forth in Count II;

 e. Granting judgment in favor of Plaintiffs Pierre Anes Darvilmar and Gensilia Joseph and the other members of the class and against the Defendant on the claims under the recordkeeping, wage statement and wage payment provisions of the Migrant and Seasonal Agricultural Worker Protection Act as set forth in Count I, and awarding each of them $500 in statutory damages for the recordkeeping violation, $500 in statutory damages for the wage statement violation and his or her actual damages for the Defendant's failure to pay wages when due;

 f. Granting judgment tin favor of Plaintiffs Pierre Anes Darvilmar and Gencilia Joseph and against the Defendant on the Plaintiffs' Fair Labor Standards Act claims as set forth in Count II and awarding each of the Plaintiff the amount of his or her unpaid minimum wages, along with an equal amount as liquidated damages;

 g. Granting judgment in favor of Plaintiffs Pierre Anes Darvilmar, Gencila Joseph and the other members of the class and against the Defendant on the claims for unpaid minimum wages as set out in Count III and awarding the

        Plaintiffs and each member of the class the amount of his or her unpaid minimum wages due under Florida law, along with an equal amount as liquidated damages;

h.     Permanently enjoining the Defendant from further violations of the Migrant and Seasonal Agricultural Worker Protection Act and its attendant regulations;

i.     Awarding the Plaintiffs the costs of this action;

j.     Awarding the Plaintiffs a reasonable attorney's fee with regard to their claim under the Fair Labor Standards Act;

k.     Awarding the Plaintiffs a reasonable attorney's fee with respect to their claims for the Defendant's violations of the wage payment provisions of the Migrant and Seasonal Agricultural Worker Protection Act, in accordance with Florida Statutes §448.08;

l.     Awarding the Plaintiffs a reasonable attorney's fee with respect to their claims for the Defendant's violations of the minimum wage provisions of the Florida Constitution; and

  m. Granting such other relief as this Court deems just and equitable.

          Respectfully submitted,

          ***/s/ Gregory S. Schell***
          Gregory S. Schell
          Florida Bar Number 287199
          MIGRANT FARMWORKER JUSTICE
            PROJECT
          508 Lucerne Avenue
          Lake Worth, Florida  33460-3819
          Telephone: (561) 582-3921
          Facsimile: (561) 582-4884
          e-mail: Greg@Floridalegal.Org

          Attorney for Plaintiffs

**DATED:** September 22, 2014