UNITED STATES DISTIRCT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No. 14-23258-Civ-Cooke/McAliley

**PIERRE ANES DARVILMAR and
GENSILIA JOSEPH, individually and
on behalf of all other persons similarly
situated,**

      **Plaintiffs,**

**vs.**

**IMPACT STAFF LEASING, INC.,**

      **Defendant.**

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT

The parties have reached a settlement of the issues presented in this case. The parties now seek the Court's approval of this agreement, which includes claims under the Fair Labor Standards Act (FLSA).

### Summary of the case

Defendant Impact Staff Leasing ("ISL") is a professional employer organization. Among its clients is JNJ Growers, Inc., a bean grower located near Homestead, Florida. *See* Defendant's Motion to Dismiss or Failure to Join an Indispensible Party (Docket Entry 17-3), at 2, ¶ 3. Plaintiffs Pierre Anes Darvilmar and Gensilia Joseph are seasonal farmworkers who picked beans during the 2012-13 harvest season on JNJ Growers' operations and who were paid their wages by ISL. *See* Amended Complaint (Docket Entry 5), at 7, ¶ 20. Plaintiffs contend, during that time, ISL was registered and acted as a farm labor contractor within the meaning of the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA"). *Id.*, at 3, ¶ 9. ISL prepared payroll

records and paid wages to Plaintiffs and the other members of their harvesting crew based upon the records provided by JNJ Growers.  *Id.*, at 7, ¶¶ 19 and 20.    Plaintiffs claim that ISL failed to pay minimum wages as required by both the Fair Labor Standards Act ("FLSA") and the Florida Constitution.  *Id.*, at 2, 8-9, ¶¶ 3, 24.   In addition, Plaintiffs contend that the payroll records and wage statements prepared by ISL did not comply with the requirements of the AWPA.  *Id.*, at 2, 8, ¶¶ 3, 22-23.

### The parallel *Perez* and *Norilus* cases

These same wage issues are the subject of two other cases before the Court.   First, the Secretary of Labor commenced an action under the FLSA to recover, *inter alia*, the unpaid minimum wages due bean pickers employed on JNJ Growers' operations during the 2012-13 harvest season.   *See Perez v. L & J Farm Picking, Inc., et al.*, Case No. 1:12-cv-24426,-Altonaga (S.D. Fla.).    Because of the Secretary's filing, Plaintiffs may not proceed with their individual FLSA claims against any of the named defendants in that case, including JNJ Growers.   *See* 29 U.S.C. §216(c).     Second, Darvilmar is a named plaintiff and Joseph is a class member in *Norilus v. A & J Farms, Inc.*, Case No. 1:13-cv-20343-Bloom (S.D. Fla.)     The proposed class settlement in that case includes AWPA claims against JNJ Growers identical to those presented in this action.

### The proposed settlement

Under the parties' proposed settlement, Plaintiffs will receive no monetary payment.  However, Impact will provide Plaintiffs' counsel with payroll information regarding the addresses of bean pickers who worked for JNJ Growers in 2012, 2013 and 2014.   These data will be used in

conjunction with the mailing of class notices and claim forms to those farmworkers (including all of the members of the putative class in this case) to individuals due moneys under the settlements in the *Perez* and *Norilus* litigation.   However, as a result of the settlements in the *Perez* and *Norilus* actions, Plaintiffs Darvilmar and Joseph will recover more than the full amount of back wages due them under the FLSA for the periods covered by the instant case.

## ARGUMENT

In private suits under the FLSA, the parties may "present the district court a proposed settlement and the district court may enter a stipulated judgment after scrutinizing the settlement for fairness. *Nall v. Mal-Motels, Inc.*, 723 F.3d 1304, 1306 (11th Cir. 2013), citing *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1353 (11th Cir. 1982).   As the Eleventh Circuit acknowledged, [i]f a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute, the district court may approve the settlement in order to promote the policy of encouraging settlement of litigation. *Lynn's Food*, 679 F.2d at 1354; *Cruz v. Winter Garden Realty, LLC*, 2013 WL 4774617 (M.D. Fla., Sep 4, 2013), at *3 (if the parties adequately disclose the reasons for a compromise, it may be approved by the court).

Court approval of settlements in private FLSA actions are often appropriate when the employee has the assistance of counsel:

> The employees are likely to be represented by an attorney who can protect their rights under the statute.   Thus, where the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching.   If a settlement in an employee FLSA suit does

- 3 -

> reflect a reasonable compromise over issues, such as FLSA
> coverage or computation of back wages, that are actually in dispute,
> we allow the district court to approve the settlement in order to
> promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores*, 679 F.3d at 1354; *see also Dees v. Hydradry, Inc.*, 706 F.Supp.2d 1227, 1241 (M.D. Fla. 2010) (If the parties are represented by competent counsel in an adversary context, the settlement they reach, almost by definition, will be reasonable.  Rarely will the Court be in a position to competently declare that such a settlement is unreasonable.)

Based on the principles set out in *Lynn's Food Stores,* courts have approved FLSA settlements in instances where there questions regarding whether an employment relationship existed between the parties, *see Graham v. Renessenz, LLC*, 2013 WL 4500464 (M.D. Fla., Aug. 22, 2013) at *3, or where there is uncertainty as to the number of hours worked because of the absence of payroll records, *see Camaal v. Shelter Mortgage Company, LLC*, 2013 WL 5421955 (M.D. Fla., Sept. 26, 2013) at *3.  Courts have approved FLSA settlements when the plaintiff employee is receiving most of his back wages, considering the vagaries of litigation.  *See Hill v. Unifirst Corp.*, 2013 WL 4495130, at *2 (Aug. 20, 2013).

In this case, the proposed compromise settlement is fair and should be approved.  There is no evidence of any collusion behind the settlement.  In order to prevail, Plaintiffs would need to distinguish the facts in this case from those in *Beck v. Boce Group, LC*, 391 F.Supp.2d 1183 (S.D. Fla. 2005).  In *Beck*, this Court declined to hold an employee leasing company liable for wage underpayments, despite the fact that, like Defendant here, the employee leasing company treated the workers as its employees for tax purposes.  While they believe *Beck* is distinguishable, Plaintiffs acknowledge that its potential application here reduces their chances of success at trial.

In addition, because Plaintiffs have been made whole on their FLSA claims as a result of

4

the settlements in *Perez* and *Norilus*, the proposed settlement does not represent a compromise and should be approved.

Based on the foregoing, the parties' motion should be granted and the Court should approve the proposed settlement agreement.

**FOR PLAINTIFFS**

*/s/ Gregory S. Schell*                                     Date:   January 30, 2015
Gregory S. Schell
Migrant Farmworker Justice Project
Florida Legal Services, Inc.
508 Lucerne Avenue
Lake Worth, Florida 33460-3819

**FOR DEFENDANT IMPACT STAFF LEASING, INC.**

                                                            Date:   January 30, 2015

*/s/ Stephanie M. Rosin*
Stephanie M. Rosin
Impact Staff Leasing, Inc.
1572 U.S. Highway 27
Avon Park, Florida     33825